**SIGNED THIS: February 24, 2010**

                                                  **GERALD D. FINES**
                                       **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROSIE HALLOWAY, n/k/a | ) | |
| ROSIE CHENAULT, | ) | 04-91786 |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| STEVE MILLER, Trustee in Bankruptcy | ) | |
| for Rosie Holloway, n/k/a Rosie Chenault, | ) | Adv. No. 09-09071 |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLARK RETAIL ENTERPRISES, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

**OPINION**

This matter having come before the Court for hearing on February 18, 2010, on a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure To State A Claim For Which Relief Can Be Granted by Defendant Clark Retail Enterprises, Inc., Response To Defendant's Motion to Dismiss filed by Plaintiff, Defendant's Reply to Plaintiff's Response, and Plaintiff's Supplemental Response; the Court, having heard arguments of counsel, reviewed the written memoranda of the parties, and being otherwise fully advised of the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Plaintiff's Complaint alleges Debtor Holloway suffered a personal injury at Defendant Clark Retail on June 28, 2001. On October 15, 2002, Defendant Clark Retail filed a bankruptcy proceeding and that bankruptcy was closed on June 23, 2004. On May 26, 2004, the Debtor filed a bankruptcy proceeding and that bankruptcy was closed on August 30, 2004. Debtor's alleged personal injury claim against Defendant was not disclosed in the bankruptcy proceeding. On August 1, 2005, Debtor filed a personal injury lawsuit against Clark Retail in state court. That lawsuit was dismissed as barred by the statute of limitations on September 25, 2006. Debtor proceeded to file a legal malpractice claim based on her attorney's failure to timely file the personal injury lawsuit. Plaintiff Trustee learned of the legal malpractice claim in August 2007.

On December 4, 2009, Plaintiff filed a Complaint against Clark Retail seeking to vacate the state court judgment dismissing Debtor's personal injury lawsuit against Defendant Clark Retail. Defendant filed a Motion to Dismiss the Complaint on the grounds that (1) the state court judgment cannot be vacated because it is not *void ab initio*; and (2) this court is without jurisdiction under the *Rooker-Feldman* Doctrine. Defendant contends, in the alternative, that the

Plaintiff's lawsuit should be dismissed because it is barred by laches and the limitation period of Section 108(a) of the Bankruptcy Code. The Court agrees with Defendant.

**The State Court Judgment Was Not *Void Ab Initio***

Plaintiff contends the dismissal of Holloway's personal injury action by the Cook County Circuit Court was *void ab initio* because that personal injury action was "property of the estate" which was subject to the automatic stay provisions of Section 362(a) of the Bankruptcy Code. The automatic stay, however, does not apply to lawsuits filed by debtors. *Martin–Trigona v. Champion Federal Savings and Loan Association*, 892 F.2d 575 (7th Cir. 1989)(finding Section 362(a)(1) and (a)(3) applied only to lawsuits against the debtor); *In re Hall,* 304 F.3d 743, 746 (7th Cir. 2002); *Aiello v. Providian Financial Corp*., 239 F.3d 876, 880 (7th Cir. 2001); *Alpern v. Lieb,* 11 F.3d 689, 690 (7th Cir. 1993);*Walliser v. Brown*, 1996 WL 308246, p. 1 (N.D. Ill. 1996). Because the automatic stay was inapplicable to Debtor Holloway's lawsuit against Defendant Clark Retail, the Court finds the state court judgment dismissing that lawsuit was not *void ab initio*.

**Rooker – Feldman Doctrine**

Under the *Rooker-Feldman* Doctrine, a federal bankruptcy court has no power to vacate a state court judgment. *In re Alpern*, 191 B.R. 107, 110 (N.D. Ill. 1995). "Except for situations in which Congress has specifically authorized collateral review of state court judgments, a party who seeks to overturn a state court judgment must proceed through the state judicial system…" *4901 Co. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000). The Seventh Circuit has not endorsed a "void *ab initio*" exception to the *Rooker Feldman* doctrine. *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003).

Through his Complaint, Plaintiff Trustee asks this court to overturn a state court judgment that was entered against Debtor Holloway. Trustee contends the *Rooker-Feldman* Doctrine does not apply when the federal plaintiff is different from the state court plaintiff. The court disagrees. In the absence of allegations of a collusive scheme to defraud creditors, the *Rooker-Feldman* doctrine bars a Trustee's Motion to Vacate, even when the Trustee was not a party in the state court action. *See, e.g., Gecker v. Salta Group, Inc.*, 2004 WL 2005802 (N.D.Ill. 2004); *In re Royal*, 289 B.R. 913, 918 (N.D. Ill. 2003).

The Court finds it lacks jurisdiction to vacate the state court judgment under the *Rooker-Feldman* Doctrine. The state court judgment was not *void ab initio*, and even if it were, the *void ab initio* exception to the doctrine has not been endorsed by the Seventh Circuit.

**Laches**

The Court also finds, alternatively, that the Trustees' Complaint is barred by laches. Laches requires a showing of: (1) unwarranted delay, and (2) prejudice to the party opposing the relief sought. *Morlan v. Universal Guaranty Life Ins. Co.*, 298 F.3d 609, 620 (7th Cir. 2002), *cert. denied*, 537 U.S. 1160 (2003). Laches can be considered on a motion to dismiss. *In re Semrau D.D.S.*, Ltd., 356 B.R. 677, 684, 695-96 (Bankr.N.D. Ill. 2006).

In *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984), the court found laches applied because: (1) the debtor's 33-month delay in seeking to void the state court judgment was unreasonable, and (2) "some prejudice would plainly arise if the state court order was voided." In this case, more than eight years have elapsed since Holloway's alleged 2001 injury, more than three years have elapsed since the state court judgment was entered, and more than two years have elapsed since the Trustee first became aware of the legal malpractice claim involving the alleged personal injury.

For reasons previously discussed, this Court lacks jurisdiction to void the state court judgment. However, even if the Court had jurisdiction, it finds the Complaint should also be dismissed under the doctrine of laches. The delay in seeking to vacate the 2006 state court judgment was clearly unreasonable. The Court also finds prejudice to Clark Retail, which has already expended resources in litigating a state court lawsuit that was filed by the Debtor. Clark Retail will also be prejudiced by the fact that witnesses may be difficult to find and, even if found, their memories of what allegedly occurred in 2001 will be stale, or non-existent. Under these circumstances, prejudice is shown. *See, e.g,. In re Brumfield*, 1998 WL 34069413 (Bankr. C.D. Ill. 1998); *In re Magallanez*, 403 B.R. 558, 564 (Bankr. N.D. Ill. 2009); In re *Semrau D.D.S., Ltd.*, 356 B.R. 677, 697 (Bankr.N.D.Ill. 2006).

**Statute of Limitations**

Trustee contends laches is inapplicable because Debtor Holloway filed her state court action within two years of the order of relief under Section 108(a) of the Code. The Court disagrees and finds, again in the alternative, that any action by the Trustee against Clark Retail would be time barred under Section 108(a) of the Code.

Section 108(a) of the Bankruptcy Code sets forth the outer limits of when a Trustee can commence any prepetition cause of action:

> (a)  If applicable nonbankruptcy law…fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of:
>
>> (1) The end of such period…; or
>>
>> (2) Two years after the order for relief.

11 U.S.C. § 108. "The plain language of § 108 unequivocally limits the right to extend the statute of limitations to the *trustee*." *In re Johnson*, 2009 WL 2259088, p. 2 (Bankr. S.D. Ill.

2009) (emphasis in original). The Court therefore finds the debtor's statute of limitations was not extended by Section 108(a).

Trustee also contends Section 108(a) is inapplicable to an undisclosed cause of action. The Court disagrees. The purpose of Section 108(a) is "to allow the trustee additional time 'to discover and evaluate potential causes of action after stepping into the shoes of the debtor.'" *Johnson*, 2009 WL 2259088 at p. 3 (*quoting In re Ranasinghe*, 341 B.R. 556, 567 (Bankr. E.D. Va. 2006)). The Section 108(a) limitation on the trustee is not limited to only "scheduled" claims, but extends to *any* prepetition cause of action for which the statute of limitations had not run before the date of the filing of the petition. If the Trustee fails to *discover and commence* the cause of action before the Section 108(a) period lapses, he is forever barred from asserting the claim. *See Johnson*, 2009 WL 2259088 at p. 3.

The Court finds that Section 108(a) does not extend the period of limitations for a debtor to file a lawsuit and that Holloway's statute of limitations ran before she filed her state court action. Because the Trustee did not commence a lawsuit within two years of the order of relief, which was May 26, 2006, any action by the Trustee against Clark Retail would be barred.

For these reasons, the Court grants Defendant's Motion to Dismiss Plaintiff's Complaint to Vacate State Court Judgment. The state court judgment was not *void ab initio* and this court lacks jurisdiction under the *Rooker-Feldman* Doctrine. In addition, Trustee's complaint is barred by laches and the limitation period of Section 108(a).